United States District Court
Southern District of Texas
**ENTERED**
April 04, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JUAN LEDESMA, § § Petitioner, § § VS. § WILLIAM STEPHENS, § § Respondent. § | § § § CIVIL ACTION NO. 7:15-CV-460 § § § § |

## REPORT AND RECOMMENDATION

Petitioner Juan Ledesma, a state prisoner proceeding pro se, initiated this action in October 2015 by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) In October 1982—more than thirty (30) years before Petitioner filed this action—a jury found him guilty of aggravated sexual abuse of a 12-year-old girl, and he was sentenced to life imprisonment. Petitioner's sentence took into account the disturbing nature of his crime and his two prior felony convictions.

This is Petitioner's second federal habeas petition addressing his 1982 conviction. Petitioner asserts four grounds for relief, three of which challenge his underlying conviction and one challenges the decisions of the Texas Board of Pardons and Paroles denying him release on parole based its assessment of his "parole suitability."

Respondent has moved for summary judgment, contending that Petitioner's claims—with the exception of his parole suitability claim—should be denied as successive. (Docket No. 7, at 12-16.) Respondent argues that Petitioner's claim regarding parole should be dismissed on the merits. (*Id.* at 17-19.)

After carefully considering the pleadings in this case, the state court record, and the applicable law, the undersigned concludes that this action should be dismissed. As explained further below, Petitioner's first three claims are successive, and the District Court lacks jurisdiction to consider them. Petitioner's claim regarding his parole suitability should be dismissed because he has failed to show any violation of his federal constitutional rights. Accordingly, it is recommended that Respondent's motion for summary judgment be granted and that this action be dismissed.

# I. BACKGROUND[1]

In addressing Petitioner's first federal writ of habeas corpus, the undersigned summarized the background of his underlying state criminal proceedings as follows:

> On July 29, 1981, Petitioner forced a 12-year-old girl to perform sexual acts by threatening to kill her if she did not comply.[2] On July 9, 1982, a grand jury returned an indictment charging Petitioner with aggravated sexual abuse, aggravated rape, and sexual abuse of a child, all of which were first degree felony offenses. Petitioner pleaded not guilty to the charges. After a trial in the 92nd

---

[1] The information set out in this section is taken from the State Court Record filed in this case, the documents submitted by Petitioner and Respondent, the Thirteenth Court of Appeals' decision addressing Petitioner's direct appeal, and also the undersigned's report and recommendation addressing Petitioner's first federal § 2254 writ of habeas corpus. *Ledesma v. State*, No. 13-82-351, at *1 (Tex. App.—Corpus Christi Oct. 20, 1983, no pet.). (*See* Docket Nos. 1, 5-7; *Ledesma v. Quarterman*, 7:06-CV-335, Docket No. 17.)

[2] The details of the sexual assault are disturbing to say the least. In addressing Petitioner's direct appeal, the Thirteenth Court of Appeals of Texas summarized the facts of his case as follows:

> The State's evidence tends to prove that the twelve year old victim got into an automobile with appellant, another female and two males. They drove around and stopped near a cemetery where everyone except the victim and the appellant got out of the car. Appellant then committed various sexual acts upon the victim including forcing her to perform oral sex on him. This was accomplished by means of threats including the threat to kill her if she did not comply with his demands.

*Ledesma v. State*, No. 13-82-351, at *1 (Tex. App.—Corpus Christi Oct. 20, 1983, no pet.).

> District Court of Hidalgo County, Texas, the jury found him guilty of aggravated sexual abuse. The trial judge then determined from the evidence presented by the prosecutor that Petitioner had two prior felony convictions, which qualified him for an enhanced sentence. On October 19, 1982, the court entered judgment and sentenced Petitioner to life in prison. Petitioner appealed his conviction, which was affirmed by the 13th Court of Appeals on October 20, 1983. A subsequent motion to revise the court's opinion was denied January 24, 1984.
> 
> Petitioner filed his first state writ of habeas corpus on March 13, 1992. Petitioner challenged the application of parole laws and the calculation of date of eligibility regarding this conviction. On July 22, 1992, the Court of Criminal Appeals denied him relief. Petitioner filed a second writ of habeas corpus on March 25, 2005, challenging one of his convictions used for enhancement. The Court of Criminal Appeals dismissed his writ on October 19, 2005. On June 6, 2005, Petitioner filed another writ of habeas corpus - his third- raising the same claims as in the instant federal petition. The Court of Criminal Appeals denied his writ without a written order on October 19, 2005.
> 
> On August 30, 2006 Petitioner filed [his first] federal petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. (Docket No. 1.) Petitioner alleges two grounds of error in his federal petition:
> 
> 1) Petitioner was denied effective assistance of counsel when counsel failed to investigate the prior marihuana conviction used for enhancement, which had allegedly been reduced to a misdemeanor; and
> 
> 2) Petitioner's sentence is a miscarriage of justice because Petitioner was sentenced as a habitual offender even though the State failed to provide proof that he had been convicted of two felony offenses.

(*See Ledesma v. Quarterman*, 7:06-CV-335, Docket No. 17, at 2-3.)

After analyzing the claims in Petitioner's first federal habeas petition, the undersigned recommended that they be dismissed. (*Id.* at Docket No. 17.) On March 25, 2008, the District Court adopted the recommendation and denied Petitioner's first federal habeas petition. (*Id.* at Docket No. 18.)

On October 20, 2015, over seven years after Petitioner's first federal habeas petition was dismissed, he filed the instant § 2254 petition, which is his second petition seeking federal habeas corpus relief. Petitioner's second federal petition raises the following four claims: 1) a prior misdemeanor was improperly used to enhance his felony sexual assault conviction; 2) the trial judge had a conflict of interest; 3) the assistant prosecutor had a conflict of interest; and 4)

the Board of Pardons and Paroles is violating his equal protection rights by repeatedly denying him release onto parole based on his "parole suitability." (Docket No. 1, at 2, 6-7, 11-17.)

Respondent has moved for summary judgment, contending that Petitioner's claims—with the exception of his parole suitability claim—should be denied as unauthorized successive claims. (Docket No. 7, at 12-16.) Respondent also argues that Petitioner's claim regarding parole fails to raise a constitutional issue. (*Id.* at 17-19.) Petitioner has not filed a response to the summary judgment motion.

## II.  ANALYSIS

A. **Successive Claims**

Because the District Court has already considered, and denied, Petitioner's initial federal habeas petition, the instant action presumptively falls within the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") limitations on successive habeas proceedings. Congress enacted AEDPA to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999).

While AEPDA "does not define the term 'second or successive' application," the Fifth Circuit has held "that a petition is successive when it: '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'" *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under 28 U.S.C. § 2244(b)(3)(A), an inmate must move in the appropriate court of appeals for an order of authorization before filing a second or successive petition in district court. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996). "Indeed, the purpose and intent of [section 2244(b)(3)(A)] was to

eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Petitioner's first three claims all challenge his underlying 1982 conviction for aggravated sexual abuse of a minor.  (Docket No. 1, at 6-7.)  As Respondent correctly notes, all three of these claims could have been presented in Petitioner's first federal petition.  (Docket No. 7, at 12-13.)

Petitioner's first claim regarding an "enhancement" to his punishment should have been—and in fact was—raised in his initial federal petition for habeas corpus.  In addition, Petitioner's claims regarding alleged conflicts of interests should also have been raised in his initial federal petition.  These claims are based on his personal knowledge of what occurred during his underlying state criminal proceedings.  Stated another way, Petitioner was aware of the potential conflicts at the time he was convicted.

Because Petitioner's first three claims involve issues that he could have presented in his initial petition, the current pleading constitutes a successive habeas petition.  *Hardemon*, 516 F.3d at 275.  Accordingly, the District Court lacks jurisdiction to consider these claims.  *Key*, 205 F.3d at 774 (finding that section 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the circuit court] has granted the petitioner permission to file one.").  Petitioner must seek authorization from the Court of Appeals for the Fifth Circuit before the District Court can adjudicate the merits of his first three claims.  28 U.S.C. § 2244(b)(3)(A).

B.     **Parole Suitability Claim**

Petitioner's remaining claim is a challenge to the decisions by the Texas Board of Pardons and Paroles ("Parole Board") to deny his release on parole based on his "suitability."[3] (Docket No. 1, at 2, 11-15.) Specifically, Petitioner alleges that the Parole Board is violating his equal protection rights by repeatedly denying him release onto parole based on "false predictions" of him being "dangerous to society." (*Id.* at 12-13.) The heart of Petitioner's complaint is that he has been "parole-release eligible" since 2002; yet "the Texas Board of Pardons and Paroles [is] applying 'new' parole procedures" to deny his release by concluding that he is not "suitable for parole release."[4] (*Id.* at 12.) He claims that the denials are being made "based on 'ex post facto' factors." (*Id.* at 13.)

"[A]lthough there is no constitutionally protected liberty interest in parole in Texas for purposes of due process, an ex post facto challenge does not turn on the existence of a liberty interest." *Olstad v. Collier*, 326 F. App'x 261, 263 (5th Cir. 2009) (citing *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995)). "Under the Ex Post Facto Clause, '[l]egislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts.'" *Wallace v. Quarterman*, 516 F.3d 351, 354 (5th Cir. 2008) (quoting *Collins v. Youngblood*, 497 U.S. 37, 43 (1990)). "A statute violates the Ex Post Facto Clause only if it retroactively 'effects

---

[3]  As Respondent acknowledges, Petitioner's claim challenging the Parole Board's denial of parole is not a successive claim. (Docket No. 7, at 5.) Petitioner could not have asserted this claim in his first federal habeas petition because the parole decision he is challenging occurred subsequent to the Court's ruling on his first federal petition. Accordingly, it is appropriate for the District Court to address the merits of this claim. *See Williams v. Thaler*, 602 F.3d 291, 304-05, 310 (5th Cir. 2010) (holding that the district court lacked jurisdiction to consider the petitioner's successive actual innocence claim but that the court did not err in addressing the merits of the non-successive issues raised in petitioner's Rule 59(e) and Rule 60(b) motions).

[4]  According to Respondent, the Parole Board most recently denied Petitioner release on parole in May 2015. (Docket No. 7, at 4.) To the extent that Petitioner challenges the Parole Board's decisions denying parole in prior years, such claims would likely be barred by the AEDPA's one-year limitations period. *See* 28 U.S.C. § 2244(d)(1).

[a] change in the definition of respondent's crime' or 'increases the 'punishment' attached to respondent's crime.'" *Wallace*, 516 F.3d at 354 (quoting *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 505 (1995)).

"'Parole is not a right, but rather only an expectation that may be granted by the Commission.'" *Wallace*, 516 F.3d at 355 (quoting *Simpson v. Ortiz*, 995 F.2d 606, 610 (5th Cir. 1993)). "As the Fifth Circuit has held, '[t]he Parole Commission determines a prisoner's suitability for parole, not his eligibility, for the latter is determined by the length of one's sentence.'" *Wallace*, 516 F.3d at 355 (internal quotation omitted). "While changes to parole eligibility could retroactively increase punishment, determinations of suitability for parole . . . are discretionary." *Id.*

Furthermore, "changes in Parole Commission guidelines on the suitability of parole do not violate the Ex Post Facto Clause." *Wallace*, 516 F.3d at 355 (internal citations omitted). Similarly, "changes to discretionary parole guidelines do not have ex post facto implications." *Id.* (citing *Portley v. Grossman*, 444 U.S. 1311, 1312 (1980)). Stated another way, "[r]ules affecting eligibility for parole may violate the clause, but discretionary rules affecting suitability do not." *Wallace*, 516 F.3d at 355 (citing *Portley*, 444 U.S. at 1312).

Here, Petitioner does not challenge the Parole Board's rules regarding his eligibility for parole. Rather, he challenges the Parole Board's discretionary decision to deny parole on the basis that he is not suitable because he is "dangerous to society." Because the Parole Board's denial of parole addresses his "suitability," not his "eligibility," Petitioner has failed to show that the decision implicates a "right secured . . . by the United States Constitution or the laws of the United States." *Olstad*, 326 F. App'x at 263 (citing *Wallace*, 516 F.3d 351). Accordingly, Petitioner's parole claim is meritless.

7

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Respondent's Motion for Summary Judgment (Docket No. 7) be GRANTED, that Petitioner's first three grounds for relief in his § 2254 habeas petition (Docket No. 1) be DISMISSED without prejudice as successive, that Petitioner's remaining claim addressing denial of parole be DENIED, and that this action be DISMISSED. For the reasons discussed below, it is further recommended that Petitioner be denied a certificate of appealability.

### CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the recently-amended § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, RULES GOVERNING SECTION 2254 PROCEEDINGS. Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability (COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a COA as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); s*ee also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* standard to a COA determination in the context of a habeas corpus proceeding). An

applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Jones*, 287 F.3d at 329.  As to claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Petitioner's § 2254 claims should be dismissed on procedural grounds and on their merits.  For the reasons explained in this report, the undersigned believes that reasonable jurists would not find debatable the conclusion that Petitioner's first three claims are successive.  In addition, the undersigned believes that reasonable jurists would not find debatable or wrong the conclusion that Petitioner's parole suitability claim lacks merit, nor is the claim adequate to deserve encouragement to proceed further.  Accordingly, Petitioner is not entitled to a COA.

## NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to Petitioner and counsel for Respondent, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on April 1, 2016.

                                                                                          _____
                                                                                                 Peter E. Ormsby
                                                                      United States Magistrate Judge